■ A. J. ECKERT Co., INC., Appellant, v. M. S. KELLIHER COMPANY, Respondent, et al., Defendants.— *Per Curiam.* Plaintiff appeals from an order granting a stay of plaintiff's mechanic lien action against the defendant Kelliher Co. and ordering arbitration of a dispute between the parties. Kelliher Co. was a general contractor and subcontracted with the plaintiff to do certain plumbing work. The contract provided in one clause that time is of the essence and in another that if the work was not completed by the time appointed, liquidated damages shall be paid as set forth in the general contract between the contractor and the architect and owner. With respect to arbitration, the

contract provided: "Should the parties hereto fail to agree upon the valuation of the work to be added or omitted, or upon the amount of any damages whatsoever, resulting from the default of the subcontractor, or as to the interpretation of this Contract, any or all of these matters shall be determined by reference to three disinterested arbitrators". On January 2, 1964, the plaintiff commenced the instant action to foreclose a mechanic's lien by the service of a summons and complaint which alleged that it had performed all of the covenants and conditions of the subcontract; that certain sums had been paid thereon and demanding judgment for the balance due. The defendant did not interpose an answer but moved to compel arbitration, the affidavit in support thereof alleging that the plaintiff delayed in the start and performance of the plumbing work, causing substantial damage to Kelliher Co., and that a request to submit the controversy to arbitration had been refused by the plaintiff. The plaintiff contends that the arbitration clause refers only to a "default" but the definition thereof, *inter alia,* encompasses failure to fulfill a contract or agreement, to accept a responsibility or to perform a duty. The claim for damages for the alleged delay by the plaintiff is within the purview of the arbitration clause. It may well be, as the plaintiff contends, that Kelliher Company's claim is not in good faith, but a delaying tactic. That does not presently aid the plaintiff corporation which entered into the contract with what appears to be an unambiguous arbitration clause. Order affirmed, without costs. Herlihy, J. P., Reynolds, Taylor, Aulisi and Hamm, JJ., concur.